# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. James B. Clark III |
| v. | : Magistrate No. 18-3070 |
| MARIO RAMIREZ-GARCIA, a/k/a "Mario Ramirez" | : CRIMINAL COMPLAINT |

I, Ian Patel, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

Ian Patel
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me and subscribed in my presence,
March 28, 2018 Newark, New Jersey

HONORABLE JAMES B. CLARK
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## **ATTACHMENT A**

On a date on or after July 5, 2017, and on or before January 22, 2018, in Monmouth County, in the District of New Jersey, and elsewhere, the defendant,

MARIO RAMIREZ-GARCIA,
a/k/a "Mario Ramirez,"

being an alien, and on or about July 5, 2017, having been deported and removed and departed from the United States while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States without the Attorney General expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## ATTACHMENT B

I, Ian Patel, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, MARIO RAMIREZ-GARCIA, a/k/a "Mario Ramirez" (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

2. On or about September 7, 2010, the Defendant was arrested by United States Border Patrol ("USBP") agents in Arizona for illegally entering the United States.

3. On or about September 9, 2010, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from the USBP took a fingerprint from the Defendant.

4. At some point after his September 2010 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

5. On or about October 5, 2010, the Defendant was arrested by USBP agents in Arizona for illegally reentering the United States.

6. On or about October 7, 2010, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from the USBP took a fingerprint from the Defendant.

7. At some point after his October 7, 2010 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

8. On or about October 11, 2010, the Defendant was arrested by USBP agents in Arizona for illegally reentering the United States.

9. On or about October 14, 2010, the Defendant pled guilty in the United States District Court, District of Arizona, to Improper Entry by an Alien, in violation of Title 8, United States Code, Section 1325(a)(1), and was sentenced on this charge to 60 days of imprisonment.

10. On or about December 12, 2010, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from USBP took a fingerprint from the Defendant.

11. At some point after his December 2010 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

12. On or about June 16, 2017, the Defendant was arrested by law enforcement officers in New Jersey.

13. On or about July 5, 2017, the Defendant was removed from the United States to Mexico. Shortly before the Defendant's removal from the United States, an official from ICE took a fingerprint from the Defendant.

14. At some point after his July 2017 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

15. On or about January 21, 2018, the Defendant was arrested by the Red Bank Police Department in New Jersey for Criminal Mischief, in violation of Section 2C:17-3a(1) of the New Jersey Code of Criminal Justice.

16. On or about January 26, 2018, the Defendant entered into the custody of ICE in New Jersey.

17. A fingerprint taken from the Defendant from his deportation records for the September 2010 and July 2017 removals were compared to the Defendant's fingerprint that was taken on or about January 26, 2018 after he entered ICE's custody. All the fingerprints were found to be identical.

18. Prior to each of the Defendant's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.